[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14044

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSHUA LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80099-AMC-1

_____

Before WILSON, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Joshua Lewis appeals his 36-month sentence for one count of illegal reentry by a previously removed alien. On appeal, Lewis argues that his sentence, above the advisory guidelines range of 18 to 24 months, is procedurally and substantively unreasonable. After review, we affirm.

## I.    FACTUAL BACKGROUND

### A.    Offense Conduct

On June 24, 2021, the Palm Beach County Sheriff's Office Marine Unit intercepted a boat without navigational lights two miles off the Florida coast. The boat contained 19 people, including defendant Lewis. Although Lewis is a citizen of the Bahamas, the other 18 people on the boat were citizens of Haiti. Law enforcement was unable to determine who was the captain of the boat. U.S. Customs and Border Patrol also responded and determined that the boat's occupants had entered the United States illegally without proper documentation.

After Lewis was taken into custody, records indicated that: (1) he had not obtained permission to enter the United States; and (2) on November 29, 2019, law enforcement had encountered Lewis on or near a boat at a marina in Riviera Beach, Florida and detained him for smuggling migrants from the Bahamas to the

United States.    On that occasion, Lewis was processed administratively and removed to the Bahamas on January 14, 2020.

Three days later, however, Lewis was again detained in Florida, when immigration authorities responded to a possible landing of a small vessel in Palm Beach, Florida. Lewis admitted he had captained the vessel from the Bahamas to the United States with twelve migrants on board. This time, Lewis was charged in federal court with illegal reentry and alien smuggling. Lewis pled guilty and received a sentence of one year and one day, followed by two years of supervised release. After serving his sentence, Lewis was removed to the Bahamas on May 13, 2021. Yet, here on June 24, 2021, Lewis was once again on a boat off the Florida coast with 18 Haitians on it.

## B.    Indictment and Guilty Plea

In July 2021, Lewis was charged by information with one count of illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2). Lewis entered a guilty plea without the benefit of a plea agreement. Without objection, the district court adopted the magistrate judge's report recommending that Lewis's plea be accepted and adjudicated Lewis guilty.

## C.    Presentence Investigation Report

Lewis's presentence investigation report ("PSI") assigned him a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a). His base offense level was then: (1) increased by 4 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) because Lewis had previously been

deported after a felony conviction for illegal reentry; (2) increased by another 4 levels pursuant to U.S.S.G. § 2L1.2(b)(3)(D) because he engaged in criminal conduct after his deportation that resulted in a felony conviction that was not an illegal reentry offense, specifically his conviction for alien smuggling; and (3) decreased by three levels for acceptance of responsibility, resulting in a total offense level of 16.

The PSI assigned Lewis two criminal history points for his 2020 convictions for alien smuggling and illegal reentry, under U.S.S.G. § 4A1.1(b). Because Lewis was still on supervised release for those convictions, the PSI added two additional points to his criminal history, under U.S.S.G. § 4A1.1(d), for a total of four criminal history points and a criminal history category of III. The PSI did not recommend any Chapter 4 enhancements or identify any possible basis for an upward departure under the Guidelines.

With a criminal history category of III and an offense level of 13, the PSI recommended an advisory guidelines range of 18 to 24 months' imprisonment. The statutory maximum sentence for Lewis's 8 U.S.C. § 1326 violation was 20 years.

The parties did not object to the PSI.

## D.    Sentencing

At sentencing, the district court adopted the PSI's guidelines calculations and asked the parties what an "appropriate sentence" would be. The parties asked for an 18-month sentence, at the low end of the advisory guidelines range.

In mitigation, Lewis acknowledged that he had quickly recidivated but explained that he had reentered the United States only because he was unable to find work in the Bahamas and had been offered a construction job in Fort Lauderdale that would allow him to support his two-year-old daughter. Lewis stressed that he had no history of violence or drug crimes, that he faced difficult prison conditions because of the COVID-19 pandemic, and that he would be removed after he completed his sentence. He also faced an additional prison sentence for violating supervised release in his 2020 convictions, which would provide adequate deterrence. In response, the government clarified that it planned to seek a consecutive sentence in Lewis's supervised release revocation proceedings.

Describing Lewis's case as "concerning," the district court rejected the parties' request for sentence within the advisory guidelines range. Given that Lewis's prior sentence of one year and one day was inadequate to deter him, the district court imposed a 36-month sentence, as follows:

> Notwithstanding that relatively low [one year and one day] sentence, you were then removed in May of 2021; and just about a month later, you turned right around and brazenly decided to reenter again under similar circumstances to your prior conviction. So in the Court's view, there is clearly a need for a more significant sentence to deter you from committing more criminal conduct; and so for those reasons, the Court respectfully will reject the joint

recommendation for a guideline sentence and vary upward to a sentence for 36 months imprisonment which, I note, is still far below the 20-year statute maximum permitted under 1326(b)(2).

The district court stated that it had "considered the statements of [the] parties, the presentence investigation report which contains the advisory guidelines and the statutory factors as set forth in Title 18, United States Code, Section 3553(a)."

After the district court pronounced the sentence, Lewis objected to the "upward departure." When the district court replied that it was a variance, Lewis argued that because the variance was "based upon his prior record," it was "in essence, an upward departure" that required notice under Federal Rule of Criminal Procedure 32 and a guided departure analysis under Chapter Four of the Sentencing Guidelines. Lewis stated that he objected on this procedural ground.

In response, the district court stated that it "would like to make very clear for the record that this is an upward variance based on an examination of the entire record including all of the factors in Title 18, United States Code 3553(a); and for all of the reasons stated including the need to deter the defendant and the need to promote respect for the law, the upward variance, not a departure, has been imposed." At that point, Lewis objected to "the upward departure or variance" as substantively unreasonable.

## II.    DISCUSSION

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard using a two-step process. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). First, we look at whether the sentencing court committed any significant procedural error, such as misapplying the guidelines or treating them as mandatory, failing to consider the 18 U.S.C. § 3553(a) sentencing factors, choosing a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.[1] *Id.*

Second, we examine whether the sentence is substantively unreasonable in light of the § 3553(a) factors and the totality of the circumstances. *Id.* The party appealing a sentence bears the burden showing that is unreasonable. *United States v. Alvarado*, 808 F.3d 474, 496 (11th Cir. 2015). The weight given to any particular § 3553(a) factor is within the district court's discretion, and we will not substitute our judgment for that of the district court. *Id.* We will reverse a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the advisory guidelines range; and (6) the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted).

## A.    Procedural Reasonableness

Lewis contends the district court procedurally erred when it imposed an upward departure under U.S.S.G. § 4A1.3 for underrepresented criminal history without providing the parties with advance notice, making the requisite findings, or otherwise following the proper procedures for imposing the upward departure.

Before departing upward under a guideline provision such as U.S.S.G. § 4A1.3, a district court must give the defendant prior notice that it is considering such a departure.[2] *See* Fed. R. Crim. P. 32(h); *United States v. Hall*, 965 F.3d 1281, 1295-96 (11th Cir. 2020). If, on the other hand, the district court is contemplating varying upward based on the § 3553(a) sentencing factors, the district court is not required to give advance notice. *Hall*, 965 F.3d at 1296 (citing *Irizarry v. United States*, 553 U.S. 708, 714-15, 128 S. Ct. 2198, 2202-03 (2008)). This Court looks to the district court's "reasoning and what it said about that reasoning" to determine whether it varied

---

[2] A § 4A1.3 departure from the advisory guidelines range is appropriate if "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1). If the district court departs upward under § 4A1.3, it must give "specific reasons" in writing. *Id.* § 4A1.3(c)(1).

or departed. *Id.* at 1296. "Specifically, we look at whether it cited a specific guidelines departure provision in setting the defendant's sentence, or whether its rationale was based on the § 3553(a) factors and a determination that the guidelines range was inadequate." *Id.* However, "it doesn't matter whether" the grounds provided for a variance "might also have fit under a departure provision," so long as they are adequately justified as a variance. *Id.* at 1297 (stating that although "there is substantial overlap between" departures and variances, "departures don't have dibs over variances").

Contrary to Lewis's contention, his 36-month sentence was the result of an upward variance, not an upward departure. While the district court's label is not dispositive, *see United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009), the district court here reiterated twice that it intended to vary based on the § 3553(a) factors and not to depart under the Guidelines. The district court also cited the § 3553(a) factors when it stated it would vary upward, stressing in particular the need to deter Lewis in the future and to promote respect for the law. The district court did not refer to U.S.S.G. § 4A1.3 or in any way suggest that Lewis's four criminal history points and resulting criminal history category of III failed to represent the seriousness of his criminal record. Indeed, the district court's concern was not that his past criminal history was underrepresented, but that a sentence within the advisory guidelines range would be insufficient to deter Lewis given that his prior sentence of one year and one day had had no deterrent effect

on Lewis whatsoever.  Based on the record as a whole, we readily conclude the district court imposed an upward variance, not an upward departure.

Lewis argues that before the district court can impose a variance under the § 3553(a) factors, it must properly calculate the advisory guidelines range, which includes considering whether any departures under Chapter 4 of the Sentencing Guidelines are warranted.  *See* U.S.S.G. § 1B1.1(a)-(c); *United States v. Henry*, 1 F.4th 1315, 1324 (11th Cir. 2021) ("[A] court must first determine the guideline range . . . before turning to the applicable factors in § 3553(a) and considering whether to vary from the advisory sentence.").  Thus, according to Lewis, the district court was required to consider "the extent to which Mr. Lewis' prior criminal history may have been substantially underrepresented under § 4A1.3 **before** basing an upward variance on that same factor."

This Court has concluded that the district court need not impose a Guidelines enhancement before varying upward based on the same factor.  *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010), *abrogated on other grounds by Van Buren v. United States*, 593 U.S. ___, 141 S. Ct. 1648 (2021).  In *Rodriguez*, the defendant argued that his sentence was procedurally unreasonable because the district court had varied upward based on the number of victims without imposing a multiple-victim enhancement under § 2B1.1(b)(2)(A).  *Id.*  The Court in *Rodriguez* disagreed.  After noting that "a district court can rely on factors in imposing a variance that it had already considered in imposing an

enhancement," the Court reasoned that "there is no requirement that a district court must impose an enhancement [under the Guidelines] before granting a variance." *Id.* (citing *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007))

Furthermore, the PSI here stated that there was no basis for an upward departure under the guidelines. And the PSI's guidelines calculations and resulting advisory guidelines range of 18 to 24 months, which the district court adopted without objection, did not include an upward departure. Only after calculating the advisory guidelines range of 18 to 24 months did the district court ask the parties for argument on the "appropriate sentence" and express concern that a sentence within that range would not deter Lewis or promote respect for the law.

The district court was not required to explicitly consider and reject a possible U.S.S.G. § 4A1.3 departure in open court at the sentencing hearing, especially given that neither the government nor the probation officer had suggested such a departure was warranted.

To the extent Lewis argues that the district court could not vary upward based on factors also covered by a Guidelines departure provision, that claim is foreclosed by our precedent. As this Court explained in *Hall*, any overlap between the grounds for a variance and the grounds for a guidelines departure is immaterial. 965 F.3d at 1297. "What matters is that the grounds the district court gave for varying above the guidelines range fit comfortably

under the § 3553(a) provisions; it doesn't matter whether they might also have fit under a departure provision." *Id.*

The district court imposed a variance, not a departure. Therefore, the district court was not required to give Lewis advance notice or to follow the procedures in § 4A1.3. Lewis has not shown that his 36-month sentence is procedurally unreasonable.

## B.    Substantive Reasonableness

When a district court imposes a sentence outside the advisory guidelines range, "it must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007)). We must give due deference to the district court's determination that the § 3553(a) factors on the whole justify the extent of the variance, and we do not require extraordinary circumstances to justify the extent of the variance or presume that such a sentence is unreasonable. *Gall*, 552 U.S. at 47, 51, 128 S. Ct. at 594-95, 597; *see also United States v. Rosales-Bruno*, 789 F.3d 1249, 1256-57 (11th Cir. 2015).

Here, Lewis has not shown that his 36-month sentence is substantively unreasonable in light of the record and the § 3553(a) factors. In less than two years, Lewis was caught in Florida three times after leaving the Bahamas and traveling by boat with other migrants into the United States. The first time, Lewis was

administratively removed.  Three days later, he was caught again in Florida and admitted captaining a boat smuggling aliens from the Bahamas to the United States.  This second time, Lewis served a federal sentence of one year and one day for alien smuggling and illegal reentry.  Yet, only seven weeks after his release from federal custody, Lewis was caught a third time off the Florida coast on a boat accompanied by Haitian aliens with no entry papers.

Under the circumstances, the district court was entitled to attach great weight to the factors of promoting respect for the law and affording adequate deterrence.  *See United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013) ("Although the district court must evaluate all § 3553(a) factors in imposing a sentence, it is permitted to attach great weight to one factor over others." (quotation marks omitted)).  And given that a one-year-and-one-day sentence had failed to deter Lewis from promptly reentering the United States a third time, the district court's decision to impose a 36-month sentence, still well below the 20-year statutory maximum, was not an abuse of discretion.  *See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016) ("A sentence imposed well below the statutory maximum penalty is another indicator of reasonableness.").

Lewis contends that the district court engaged in impermissible "double counting" because the factors it relied on to impose the upward variance "had already been fully accounted for in calculating the advisory sentencing range."  As already discussed, a district court may consider conduct that was used to calculate his

advisory guidelines range in deciding whether to impose a variance based on the § 3553(a) factors. *See Rodriguez*, 628 F.3d at 1264; *Amedeo*, 487 F.3d at 833. Thus, the district court's consideration of Lewis's prior illegal entries and alien smuggling did not constitute impermissible double counting. We note, in any event, that the guidelines calculations in fact did not account for the brazenness and rapidity with which Lewis returned to the United States a third time despite having already faced one federal sentence, circumstances that largely drove the district court's decision to vary upward.

In sum, we cannot say the district court abused its discretion when it imposed a 36-month sentence.

### III.    CONCLUSION

Because Lewis has not shown that his 36-month sentence is either procedurally or substantively unreasonable, we affirm.

**AFFIRMED.**